**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANDREW COLLINS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. No. 4:16-cv-2293** |
| | § | |
| | § | |
| **NOBLE DRILLING (U.S.) LLC,** | § | |
| **Defendant.** | § | |
| | § | **JURY TRIAL DEMANDED** |

<u>**PLAINTIFF ANDREW COLLINS' ORIGINAL COMPLAINT**</u>

To the Honorable United States District Judge:

COMES NOW Andrew Collins ("Collins" or "Plaintiff"), and files his Original Complaint, complaining of Noble Drilling (U.S.) LLC ("Noble" or "Defendant") for violations of Title VII of the Civil Rights Act of 1964, as amended.

<u>**PARTIES**</u>

1.      Plaintiff, Andrew Collins, is an African-American male who is an adult resident of Harris County, Texas.  Mr. Collins is a former employee of Defendant.  He has worked for Defendant in various facilities.

2.      Defendant, Noble Drilling (U.S.) LLC, is a private company that is incorporated under the laws of the State of Texas.  Defendant has its principal place of business in Sugar Land, Fort Bend, Texas.  Defendant may be served by serving its registered agent, CT Corporation Systems, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.      Plaintiff at all times herein relevant was an employee, de facto employee, or applicant for employment with Defendant.

1

4.      At all relevant times, Defendant was Plaintiff's "employer" within the meaning of Title VII.

5.      At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every other defendant.   In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each and every defendant was acting with the consent, permission, and authorization of each remaining defendant.   All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

## JURISDICTION & VENUE

6.      This case is brought under Title VII of the Civil Rights Act of 1964, as amended. This Court has jurisdiction of this case according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

7.      The unlawful employment practices described herein were committed in the Southern District of Texas, and, on information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Southern District of Texas.   Venue is invoked pursuant to 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      Mr. Collins timely filed a charge of discrimination (*EEOC Charge No.* 460-2014-03244) with the Equal Employment Opportunity Commission ("EEOC") on July 11, 2014, to challenge the gender discrimination and retaliation suffered.   A "Notice of Right to Sue – Conciliation Failure" was issued by the EEOC on May 11, 2016 and Mr. Collins timely files this lawsuit to vindicate his rights.   As such, Mr. Collins has exhausted all applicable administrative remedies.

## FACTUAL BACKGROUND

9.     Mr. Collins is an African-American male.  On or about October 1, 2012, he began his employment with Defendant as a warehouseman at a subsea warehouse facility.

10.     Defendant is a subsidiary of Noble Corporation.  It provides drilling equipment and contract drilling services in the Arctic and Gulf of Mexico for major and independent companies in the oil and gas and energy industry.

11.     On October 3, 2012, while working as a warehouseman, William Witt, a Fleet Support Team trainee, displayed a hangman's noose to Mr. Collins.  Following Mr. Witt's racially motivated act, Mr. Collins immediately reported the presentation of the noose to Subsea Materials Supervisor Tim Sepulvado.  Instead of taking prompt action, Mr. Sepulvado merely instructed Mr. Collins to discard the noose.  Mr. Collins continued raising his concerns of the presence of racial epithets by reporting the hangman's noose to Subsea Manager Scott Weaver.  Even though it was clear that Mr. Witt placed the noose in an area occupied by Mr. Collins coupled with bringing the noose to Mr. Collins' attention, no action was taken against Mr. Witt for this conduct.

12.     This egregious display of racially animosity prevented Mr. Collins from performing his daily functions as a warehouseman.  As a result of the racial epithets and Defendant's inaction, it was a daily struggle for Mr. Collins to adequately perform his regular tasks and duties being the sole African American warehouseman working in an objectively dangerous environment and industry.

13.     It is noteworthy that this is not the first or an isolated instance involving white employees tying and placing hangman's nooses in Defendant's facilities and work areas

occupied and/or frequented by African American employees.  This is a common occurrence; yet, Defendant fails to implement substantial measures to deter such conduct.

14.     On or about January 30, 2014, Mr. Collins began working offshore as a roustabout on the Noble Globetrotter I.  During his time on the Globetrotter I, Mr. Collins continued to be subjected to discriminatory and retaliatory behavior.  Almost immediately upon his arrival to the Globetrotter I, several roustabouts began sexually harassing Mr. Collins during all of his next three 21-day hitches.  Specifically, Mr. Collins daily warded off roustabouts Tyler Eaves and Jase Hardee, and crane operator Matt Housley from their continuous grabbing and poking of his buttocks, grabbing of his scrotum, and simulating sexual acts towards him. Notably, Mr. Housley, the roustabouts' supervisor, notoriously violated Mr. Collins' rights when he constantly grabbed and poked Mr. Collins in the buttocks during his attempts to tie his boots. Despite Mr. Collins' numerous protests and reports, the conduct continued and no substantial action was implemented by Defendant to deter the sexual harassing conduct.

15.     Instead, Defendant informed Mr. Collins that Mr. Eaves, Mr. Hardee, and Mr. Housley's conduct was considered to be horseplay and an ill-advised game, at most.    The culprits were not terminated and continued to work for Defendant.  However, instead of taking adverse action against the known harassers, Defendant retaliated against Mr. Collins for his uninterrupted reports of sexual and racial harassment.

16.     Following his reports to human resources and management, Mr. Collins was issued unwarranted disciplinary actions and was repeatedly threatened by management with write-ups and impending disciplinary action.  Defendant further retaliated against Mr. Collins by transferring him to the Noble Bob Douglas, a less-desired offshore facility.    Ultimately, Defendant terminated Mr. Collins' employment.

## FIRST CLAIM FOR RELIEF
42 U.S.C. § 1981

17.    Plaintiff incorporates by reference each and every paragraph of the facts and allegations stated in this Complaint as if fully pleaded at length herein.

18.    This is an action for damages arising out of racial discrimination in the making, enforcement performance, modification, and termination of contracts.  Plaintiff was denied the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.  At all times relevant herein, Plaintiff's job performance was always satisfactory or better.

19.    Defendant, as alleged herein, discriminated against Plaintiff as follows: denial of pay, unwarranted disciplinary action, wrongful termination, threats and intimidation, and harassment.  Plaintiff was deprived of rights, which, under similar circumstances, would have been accorded to a person of a different race.

20.    As a result of the racial discrimination as described herein, Plaintiff has been held up to great derision and embarrassment by his fellow coworkers, friends, and members of the community.  Plaintiff has suffered emotional distress because Defendant has subjected him to disparate treatment on account of his race.  Plaintiff is informed and believes that Defendant discriminated against him knowing that such discrimination would cause severe emotional distress.  Plaintiff therefore seeks damages for such emotional distress in an amount to be proven at the time of trial.

25.    Because of the wrongful acts of Defendant as alleged herein, Plaintiff has been and will be required to employ physicians to examine, treat and care for him and will incur additional medical and economic damages in an amount to be proven at the time of trial.

26.     As a result of the wrongful conduct as described herein, Plaintiff has been denied employment, denied promotions, and denied raises.  As a result, Plaintiff seeks an award of back pay, front pay, and injunctive relief, according to proof at time of trial.

27.     In doing the acts set forth above, Defendant acted intentionally, and with a conscious disregard of Plaintiff's right to equal employment opportunities regardless of race. Defendant has acted, and continues to act, with a reckless disregard of its obligations under the law.  Defendant's conduct, as alleged herein, was and is despicable, malicious and oppressive. Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

**SECOND CLAIM FOR RELIEF**
Sex Discrimination (Title VII)

28.     Plaintiff incorporates by reference each and every paragraph of the facts and allegations stated in this Complaint as if fully pleaded at length herein.

29.     This is an action for damages arising out of gender discrimination in employment. At all times relevant herein, Plaintiff's job performance was always satisfactory or better.

30.     Defendant, as alleged herein, discriminated against Plaintiff as follows: denial of pay, unwarranted disciplinary action, threats and intimidation, and harassment.

31.     As a result of the gender discrimination as described herein, Plaintiff has been held up to great derision and embarrassment by his fellow coworkers, friends, and members of the community.  Plaintiff has suffered emotional distress because Defendant has subjected him to disparate treatment on account of his gender.  Plaintiff is informed and believes that Defendant discriminated against him knowing that such discrimination would cause severe emotional distress.  Plaintiff therefore seeks damages for such emotional distress in an amount to be proven at the time of trial.

32.     Because of the wrongful acts of Defendant as alleged herein, Plaintiff has been and will be required to employ physicians to examine, treat and care for them and will incur additional medical and economic damages in an amount to be proven at the time of trial.

33.     As a result of the wrongful conduct as described herein, Plaintiff has been denied employment, denied promotions, and denied raises.  As a result, Plaintiff seeks an award of back pay, front pay, and injunctive relief, according to proof at time of trial.

34.     In doing the acts set forth above, Defendant acted intentionally, and with a conscious disregard of Plaintiff's right to equal employment opportunities regardless of gender. Defendant has acted, and continues to act, with a reckless disregard of its obligations under the law.  Defendant's conduct, as alleged herein, was and is despicable, malicious and oppressive. Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

### THIRD CLAIM FOR RELIEF
**Retaliation (Title VII)**

35.     Plaintiff incorporates by reference each and every paragraph of the facts and allegations stated in this Complaint as if fully pleaded at length herein.

36.     This is an action for damages arising out of retaliation in employment.  At all times relevant herein, Plaintiff's job performance was always satisfactory or better.

37.     Defendant, as alleged herein, retaliated against Plaintiff for making complaints of discrimination and harassment as follows: refusal to hire, denial of promotions and pay, denial of raises, unwarranted disciplinary action, unwarranted negative performance appraisals, denial of training and assistance, denial of work hours, threats and intimidation, assignment of menial tasks, and harassment.

38.     As a result of the retaliation as described herein, Plaintiff has been held up to great derision and embarrassment by his fellow coworkers, friends, and members of the community.  Plaintiff has suffered emotional distress because Defendant has subjected him to retaliation because of his complaints of discrimination and harassment.  Plaintiff is informed and believes that Defendant retaliated against them knowing that such retaliation would cause severe emotional distress.  Plaintiff therefore seeks damages for such emotional distress in an amount to be proved at the time of trial.

39.     Because of the wrongful acts of Defendant as alleged herein, Plaintiff has been and will be required to employ physicians to examine, treat and care for them and will incur additional medical and economic damages in an amount to be proven at the time of trial.

40.     As a result of the wrongful conduct as described herein, Plaintiff has been denied employment, denied promotions, and denied raises.  As a result, Plaintiff seeks an award of back pay, front pay, and injunctive relief, according to proof at the time of trial.

41.     In doing the acts set forth above, Defendant acted intentionally, and with a conscious disregard of Plaintiff's right to equal employment opportunities regardless of his complaints.  Defendant has acted, and continues to act, with a reckless disregard of its obligations under the law.  Defendant's conduct, as alleged herein, was and is despicable, malicious and oppressive.  Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

## DEMAND FOR JURY TRIAL

42.     Plaintiff hereby requests a jury trial for all claims.

## PRAYER FOR RELIEF

43.     Wherefore, Plaintiff prays that the Court grant him the following relief:

A.      Compensatory damages;

B.      Back pay including lost wages and benefits that would have been paid from the date of discrimination until the trial date;

C.      Front pay including future bonuses, lost earnings and benefits;

D.      Damages for mental pain and suffering;

E.      Reasonable attorneys' fees;

F.      Costs of suits;

G.      Punitive damages;

H.      Injunctive relief;

I.      All other and further relief to which Plaintiff may show himself justly entitled.


                         Respectfully submitted,

                         /s/ Chukwudi Egbuonu*
                         Chukwudi Egbuonu
                         State Bar No. 24081838
                         Federal I.D. No. 2365112
                         LAW OFFICE OF CHUKWUDI EGBUONU
                         10333 Harwin Drive, Suite 375D
                         Houston, Texas 77036
                         Phone: (713) 635-9488
                         Fax:    (832) 426-5792
                         chuck@celawoffice.com

                         * Attorney in charge for Andrew Collins